## ROBERTS v. ROBERTS.

No. 36026.

Supreme Court of Oklahoma.

May 11, 1954.

652

Byrne A. Bowman, Oklahoma City, for plaintiff in error.

Phil E. Daugherty, Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

This is an appeal by Willie L. Travis, the guardian and mother of Flora Kathleen Roberts, an incompetent, from an adverse judgment rendered in the District Court of Oklahoma County, Oklahoma, wherein judgment was sought against David L. Roberts, the father of the adult incompetent, for her support because she was unable to maintain herself by work, and for a restraining order to prohibit the father from visiting or seeing her.

The cause was tried on the merits in the Court below. The fact that the adult child was unable to maintain herself is unquestioned.

Under Title 10 O.S.1951 § 12, it is the duty of the father and the mother of any poor person who is unable to maintain himself by work to maintain such person to the extent of their ability.

The record discloses that the mother and father of the adult incompetent child are divorced and each remarried; that the adult incompetent is now living with her mother and step-father; that the father is willing to take the daughter into his home and support her to the best of his ability, but is otherwise unable and unwilling to contribute to her support, although he has, in the past, contributed some to her support. We find nothing in the statutes enjoining such duty upon a parent except that by 10 O.S.1951 § 12, supra, parents must maintain such child to the extent of their ability. The extent of their ability is a question of fact for the trial court. The trial court in this case found that the father's offer constituted support to the extent of his ability. We see no reason to disturb that finding.

It is next contended that the father should be restrained from visiting or seeing his daughter.

The guardian was by order of the county court of Oklahoma County, appointed under the provisions of 30 O.S.1951 § 8. The order granted the guardian the custody of the ward and reserved the right for the father to visit her or to take her with him the first and third Sundays of each month from 10:00 a. m. to 8 p. m. The subsequent order appointing Mrs. Travis as guardian and successor to the prior guardian was silent as to the father's rights of visitation with the ward under the previous order.

Mrs. Travis, the guardian, argues that in her judgment the welfare of Flora Kathleen requires that the father, by District Court order, should be kept away from her; that regardless of the above County Court order granting the father rights of visitation, the County Court granted her permission to file this action in the District Court. On the other hand, Mr. Roberts, the father, contends that the County Court is the prop-

er authority to determine the proper person to have the custody of an incompetent ward and not the District Court. However, the Judge of the District Court overruled the father's contention and proceeded to try this issue on the merits and permitted Mrs. Travis to present all of her proof on this question and concluded by denying the restraining order.

Assuming without deciding that the District Court did have jurisdiction to determine this issue, we are unable to say from the record that the trial court abused its discretion in the matter. It is only when the record shows that the trial court has grossly abused its discretion in such matters that we will disturb the action of the trial court.

Affirmed.

HALLEY, C. J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.